hWEIMER, J.,
concurring.
I concur in the result, but for different reasons. My very learned colleague finds *175 that a justifiable dispute between the drawer and the payee is sufficient to preclude the imposition of the penalty and attorney fees provisions of LSA-R.S. 9:2782.2. I suggest this does not adequately protect a holder in due course, the beneficiary of the statutory provision.
Based on the language of LSA-R.S. 9:2782.2, the statute is designed to protect a holder in due course by preventing a drawer from stopping payment on a check “with the intent to defraud” or “when there is no justifiable dispute as to the amount owed or the existence of the obligation.” (Emphasis added.) There is no evidence in this matter that there was an intent to defraud, so there is no need to consider that portion of the statute.
The statute uses the word “when,” signifying a temporal consideration regarding the portion of the statute which reads “when there is no justifiable dispute as to the amount owed or the existence of the obligation.” Thus, the critical evaluation is whether there was a justifiable dispute with the holder in due course when the stop payment was issued. If the drawer makes an attempt to stop payment when the holder in due course has acquired the instrument and the other criteria of the statute are met (i.e., “when there is no justifiable dispute as to the amount owed or the existence of the obligation”), penalty and attorney fees are available.
| yFor example, Ancona, as a holder in due course, demanded payment and after the demand for payment Fields attempted to stop payment, “when there [was] no justifiable dispute as to the amount owed or the existence of the obligation,” then Fields would be liable for the penalties and attorney fees. However, the facts establish that at the time the stop payment was issued, there was a justifiable dispute between the drawer and the payee and there was no evidence the check had been negotiated to a holder in due course.
The record supports a finding that Cleo Fields issued the stop payment when there was in fact a justifiable dispute with the payee who failed to perform proper plastering and painting. There was no evidence a holder in due course had acquired the check at the time of the stop payment. Fields testified he told the payee not to negotiate the check and believed the check had not been negotiated when he stopped payment. Thus, when the stop payment was issued there was a “justifiable dispute as to the amount owed” or as to “the existence of the obligation” vis-a-vis the payee and, significantly, no evidence a holder in due course had acquired the check.
Although the holder in due course is entitled to be made whole, the holder in due course is not entitled to a potential windfall based on the facts of this matter. Although the statute is designed to protect a holder in due course, because it is a penalty statute it must be strictly construed,[6] especially when the statute provides for double the amount of the check plus attorney fees, a potentially substantial penalty depending upon the amount of the check. When Fields issued the stop payment order there was a justifiable dispute with the payee and no evidence the check had been negotiated to a holder in due course. Consequently, I believe no penalty and attorney fees are due.

. See Patterson v. Long, 96-0191, p. 15 (La.App. 1 Cir. 11/8/96), 682 So.2d 1327, 1336, writ denied, 96-2958 (2/7/97), 688 So.2d 499.